UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW E. CLARENSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1324 |
| ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, and OCWEN FINANCIAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is now before the Court on Defendant Ocwen Financial Corporation's ("Ocwen Financial") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons set forth below, Ocwen Financial's Motion to Dismiss [#5] is GRANTED.

Factual Background

In August 2007, Plaintiff, Andrew Clarenson, Sr. ("Clarenson"), attempted to purchase a foreclosed property at 109 Urban St., #7, Bloomington, Illinois.[1] His offer for to purchase the property was accepted. However, Ocwen informed him that his income was insufficient to qualify for the loan and declined to finance the purchase. He alleges that "Defendants have violated the public trust by not selling a government owned property to a qualified disabled veteran at the full price yet selling it for a discounted price to a non-veteran." (Complaint at ¶ 6)

On November 28, 2007, Clarenson filed the present Complaint against Ocwen Financial and the Department of Veterans Affairs claiming that they wrongfully refused

---

[1]Unless otherwise noted, the factual statements are taken from the allegations in Plaintiff's Complaint.

to finance his purchase. Ocwen Financial has moved to dismiss the Complaint for lack of personal jurisdiction. The matter is now fully briefed, and this Order follows.

## Discussion

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Here, Ocwen's Motion is based on a claimed lack of personal jurisdiction. The Court has jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Thus, in the present case, this Court can exercise jurisdiction over Ocwen only if an Illinois court could exercise jurisdiction. FMC Corp. v. Continental Illinois National Bank, 892 F.2d 1308, 1310 (7th Cir. 1990). The statutory basis for jurisdiction is clear, since the reach of Illinois' long-arm statute, 735 ILCS 5/2-209, was amended to equate with the minimum contact requirements of federal due process in 1989. Id. at 1310-11, n.5. Thus, the inquiry is really whether the exercise of jurisdiction

is within constitutional parameters. <u>Dehmlow v. Austin Fireworks</u>, 963 F.2d 941, 945 (7th Cir. 1992); <u>RAR, Inc. V. Turner Diesel Ltd.</u>, 107 F.3d 1272, 1275-77 (7th Cir. 1997).

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations. By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 105 S.Ct. 2174, 2181-82 (1985) (internal citations and punctuation omitted).

A court must consider whether the assertion of personal jurisdiction over a nonresident defendant would comport with "traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 66 S.Ct. 154, 158 (1945). Factors that may be considered include the burden on the defendant, the forum's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient relief, the interstate system's interest in efficient resolution of controversy, and the interest of the states in furthering substantive social policies. <u>Burger King</u>, 105 S.Ct. at 2184.

In determining whether the exercise of personal jurisdiction is proper, the relationship between the defendant and the forum state must also be considered. Where a forum seeks to assert jurisdiction over a non-resident defendant who has not consented to suit in the forum, this requirement is satisfied if the defendant has "purposely directed his activities at residents of the forum," and the litigation results from injuries related to such activities. <u>Burger King</u>, 105 S.Ct. at 2181-82. "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." <u>Id.</u> at 2183. The Supreme Court has held that federal courts may properly exercise jurisdiction over a manufacturer or distributor that

3

makes efforts "to serve directly or indirectly, the market for its product in other states." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 567 (1980). If the corporation "delivers its products [or services] into the stream of commerce with the expectation that they will be purchased by consumers in the forum State," the due process requirements are satisfied and personal jurisdiction is proper. Id.

The Supreme Court's analysis of the minimum contacts required in a stream of commerce scenario was refined in Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026 (1987). Although unanimous in outcome, the justices were evenly divided on the proper scope of the minimum contacts rationale. Four justices, led by Justice O'Connor, employed a strict view of the minimum contacts analysis, finding that placing a product or service into the stream of commerce, without additional conduct indicating an intent or purpose to serve the market in the forum state, is not activity "purposefully directed toward the forum State." Id. at 1032. Writing for another group of four justices, Justice Brennan articulated a more permissive view of minimum contacts which finds placement of a product into the stream of commerce alone sufficient to satisfy due process requirements:

> The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacture to distribution to retail sale. As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise. Nor will the litigation present a burden for which there is no corresponding benefit . . . These benefits accrue regardless of whether that participant directly conducts business in the forum State, or engages in additional conduct directed toward that State.

Id. at 1034-35.

Prior to the decision in Asahi, the Seventh Circuit consistently embraced the broader version of minimum contacts in the stream of commerce, as espoused by Justice Brennan. See Mason v. F. LLI Luigi & Franco Dal Maschio Fu G.B., 832 F.2d 383, 386 (7th Cir. 1987); Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120 (7th

Cir. 1983), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1277-78 (1984).  The Seventh Circuit continues to find this approach "determinative" since it has not been rejected by a majority of the Supreme Court, refusing to "depart from Court precedent on a belief that present Supreme Court Justices would not readily agree with past Court decisions." Dehmlow, 963 F.2d at 947.  Even under this more permissive interpretation of minimum contacts, it is clear that this Court cannot properly exercise personal jurisdiction over Ocwen Financial.

  Ocwen Financial maintains that it does not have purposeful or even minimal contacts with the State of Illinois.  It is a Florida corporation with its headquarters in Florida.  (Affidavit of Gina Johnson at ¶2)  Ocwen Loan Servicing, LLC, is the successor in interest to Ocwen Federal Bank FSB and was apparently the entity that dealt with Clarenson in his attempt to procure the financing at issue in this case.  Id., at ¶1.  Ocwen Financial and Ocwen Loan Servicing are separate and distinct entities for all relevant corporate and regulatory purposes.  Id., at ¶3.

  The Defendant here, Ocwen Financial, does not conduct any business in the State of Illinois and never has conducted such business.  Id., at ¶4.  Ocwen Financial is not qualified as a foreign corporation in the State of Illinois and has never originated mortgage loans in this state.  Id., at ¶¶4-5.  Ocwen Financial does not own and has never owned any real property in Illinois and has never had any office, telephone number, or employees in the state.  Id., at ¶¶6-7.  Furthermore, Ocwen Financial has never done any business with either Clarenson or any other person in the State of Illinois.  Id., at ¶8.

  Clarenson responds to the Motion to Dismiss by referring to "Ocwens Corporate website" showing that: (1) "payments are to be made at Ocwens Carol Stream Illinois Office.  P.O. Box 6440 Carol Stream Illinois 60197-6440"; (2) "that Ocwen Financial Corporation is in fact licensed in Illinois (Illinois Residential Mortgage license " MB6759457); (3) Ocwen Financial lists 13 properties in the State of Illinois.  However,

the copy of the webpage cited clearly refers to Ocwen Loan Servicing, LLC as the entity receiving correspondence at this address, possessing an Illinois residential mortgage license, and that application fees for any of the listed properties are to be paid to Ocwen Loan Servicing, LLC.  Accordingly, Clarenson has done nothing to rebut or effectively challenge Ocwen Financial's representations regarding their lack of minimal contacts with the State of Illinois.

It would appear that Clarenson has a fundamental lack of understanding with respect to the fact that Ocwen Financial and Ocwen Loan Servicing, LLC are two distinct business entities.  On the pleadings and relevant jurisdictional record before the Court, Clarenson has simply named the wrong party as a Defendant in this suit.  The Court will afford Clarenson the opportunity to correct his misnomer by fililng an amended complaint naming the proper party within 14 days of the date of this Order.

Thus, the Court finds that Ocwen Financial has not established any contacts with the State of Illinois, much less the "continuous and systematic general business contacts" necessary to establish general jurisdiction.  <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984).  The exercise of personal jurisdiction over Ocwen Financial under the facts of this case would therefore not conform with traditional notions of fairness and justice, and the Court must conclude that it lacks personal jurisdiction over this Defendant.

Conclusion

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Ocwen Financial.  Ocwen Financial's Motion to Dismiss [#5] is GRANTED, and Ocwen Financial is dismissed as a party to this litigation.  Clarenson is granted leave to file an

amended complaint correcting his misnomer and naming Ocwen Loan Servicing, LLC, as a defendant within 14 days from the date of this Order.

ENTERED this 6th day of June, 2008.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge